**SUMMIT POLICEMEN'S BENEVOLENT ASSOCIATION LOCAL 55, *ET AL.*, PLAINTIFFS, v. STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS.**

Superior Court of New Jersey
Law Division

February 14, 1975.

*Mr. John Anthony Lombardi,* attorney for plaintiffs.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for defendants (*Mr. George Ciszak,* Deputy Attorney General, of counsel).

Di Buono, A. J. S. C. For the past 14 years the P.B.A. of the City of Summit (PBA) has solicited funds for its annual dance program by mail under the apparent authority of a Summit municipal ordinance designated as Article VIII ("Conduct and Deportment"), which provides in part as follows:

\* \* \* The sale of tickets for entertainment, etc., by personal solicitation is hereby expressly prohibited. Solicitation may be by letter or by printed circular only.

On December 13, 1974 the Attorney General issued Formal Opinion No. 16–1974 in an attempt to clarify *N. J. S. A.* 2A:170–20. The position he took is that every form of solicitation is prohibited except *personal* solicitations between bona fide members of any law enforcement agency of this State and potential contributors. The Attorney General further concluded that the use of the word "personal" limited all permissible solicitations to face-to-face encounters; consequently, telephone, mail, or any other non-face-to-face solicitation techniques would violate *N. J. S. A.* 2A:170–20.

*N. J. S. A.* 2A:170–20 reads in pertinent part:

It shall be unlawful for any person to solicit funds or a contribution of any kind, by mail, telephone or in person, or by any

means whatsoever, whether in payment for tickets, admission, book, tokens, advertising, honorary or other membership, for any organization or association of policemen, or sheriffs * * * *except that* bona fide active or retired members of any duly organized law enforcement agency of this State or of any municipality or county thereof, who are bona fide active members of any such organization or association *may personally solicit such funds or contributions* * * * [Italics supplied]

The Summit ordinance and the statute in question, particularly in light of the Attorney General's interpretation, appear to be conflicting. The PBA, because of its desire to solicit by mail and the obvious insecurity attendant to such conduct, has filed a complaint in the Superior Court, Law Division, Union County, seeking an interpretation of *N. J. S. A.* 2A:170–20, pursuant to *N. J. S. A.* 2A:16–51 and *R.* 4:46–1.

The PBA contends that the purpose and intent of *N. J. S. A.* 2A:170–20 is to minimize and prevent any undue influence being placed upon the average citizen by law enforcement officers in soliciting for its affairs. If this is true, it argues, the Legislature could not have intended the word "personally" in the statute to mean face-to-face, but must have meant that the law enforcement agency involved could not delegate or assign the right of solicitation to either an agency or an individual appearing on its behalf. However, a member of the organization could still "personally" solicit through use of the mails. The PBA, in effect, asserts that the statute and the ordinance are not inconsistent.

The occasion and necessity of the law, the mischief felt and the remedy in view are the factors to be considered by the court in the exercise of the interpretative function. *State v. Spindel,* 24 *N. J.* 395, 402 (1957).

Part of the mischief which formed the basis for the enactment of *N. J. S. A.* 2A:170–20, as it now stands, is contained in the *Second Report of the New Jersey Law Enforcement Council,* entitled "Law Enforcement and Solicitations," submitted to the Governor on March 22, 1954.

At pages 13 and 14 the report relates a situation in which at least five professional solicitors were hired to prepare lists of businessmen from whom to solicit funds and contributions for the Superior Police Officers Association of New Jersey. The solicitors would telephone people on the prepared lists, and would either pose as police officers or state they were telephoning for police officers. Of course, none of the solicitors was a member of any law enforcement organization.

It must have been the belief of the Legislature that the mischief detailed in the cited report could be effectuated by use of the mails as well as by telephone. In enacting *N. J. S. A.* 2A:170–30 the Legislature used language clearly prohibiting solicitation by mail or telephone and indicated an exception that police were permitted to solicit personally. If the Legislature intended to curtail such abuses, and this court believes it did, then to construe the statute to mean that a member of a police association could "personally" solicit through the mails would produce an anomalous result. Indeed, what would the legislation accomplish? Such interpretations are, of course, to be avoided. *State v. Gill,* 47 *N. J.* 441, 444 (1966).

This court must agree with the Attorney General that the statute permits only face-to-face solicitations. Hence, the statute and the Summit ordinance permitting only solicitation by mail are in utter conflict. It is elementary that a municipality may not exert the delegated police power in terms which conflict with a state statute. *State v. Ulesky,* 54 *N. J.* 26, 29 (1969). The Summit ordinance must, therefore, fall.

While there may be merit in the argument of the PBA with respect to the coercive effect of face-to-face solicitation by police officers, since the validity of the statute itself is not being questioned such argument for statutory modification should, perhaps, be addressed to the Legislature, the appropriate body for such revision, and not to the courts. See *Mountain Lakes Bd. of Ed. v. Maas,* 56 *N. J. Super.* 245, aff'd

31 *N. J.* 537, *cert.* den. 363 *U. S.* 843, 80 *S. Ct.* 1613, 4 *L. Ed.* 2d 1727 (1959).

Again, for the reasons stated above it is the opinion of this court that the Summit ordinance designated as Article VIII, which permits solicitation by letter, is invalid since it is in direct conflict with *N. J. S. A.* 2A:170–20. Further, should the Summit PBA continue the sale of its dance tickets by mail, it would be in violation of *N. J. S. A.* 2A:170–20.